UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HOWARD SANDERS,

            Plaintiff,                        Case No. 2:08-cv-144

v.                                                   Honorable R. Allan Edgar

UNKNOWN BURTON et al.,

            Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Kinross Correctional Facility. He alleges that on January 12, 2008, he was told by Officer Burton to bring his identification card to Officer Burton's desk. Plaintiff complied with the order, placing the card on Officer Burton's desk while Officer Burton was searching another prisoner. After the search was completed, Officer Burton picked up the identification card. Nonetheless, Officer Burton later issued a major misconduct report against Plaintiff for disobeying a direct order. A disciplinary hearing was held on January 31, 2008. Hearing Officer Theut found Plaintiff guilty. He did not interview Plaintiff's eleven witnesses or allow any of the witnesses to testify, and he credited Officer Burton's testimony over Plaintiff's testimony. The Hearing Administrator granted Plaintiff's request for a rehearing. At the rehearing, Hearing Officer Robbins refused to admit any of Plaintiff's eleven witness statements into evidence, and did not call Officer Burton to testify. Hearing Officer Robbins found Plaintiff guilty, and assigned him to 30 days detention in the segregation unit.

Plaintiff brings this action against Officer (Unknown) Burton, and Hearing Officers (Unknown) Theut and (Unknown) Robbins. He claims that Defendants violated his due process rights. For relief, Plaintiff seeks monetary damages and an order directing that all references to the major misconduct report and finding of guilt be expunged from his prisoner file.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Theut and Robbins

Defendants Theut and Robbins are hearing officers whose duties are set forth at MICH. COMP. LAWS § 791.251 through § 791.255.  They are required to be attorneys and are under the direction and supervision of a special hearing division in the Michigan Department of Corrections.  *See* MICH. COMP. LAWS § 791.251(e)(6).  Their adjudicatory functions are set out in the statute, and their decisions must be in writing and must include findings of facts and, where appropriate, the sanction imposed.  *See* MICH. COMP. LAWS § 791.252(k).  There are provisions for rehearings, *see* MICH. COMP. LAWS § 791.254, as well as for judicial review in the Michigan courts.  *See* MICH. COMP. LAWS § 791.255(2).  Accordingly, the Sixth Circuit has held that Michigan hearing officers are professionals in the nature of administrative law judges.  *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988).  As such, they are entitled to absolute judicial immunity from inmate's § 1983 suits for actions taken in their capacities as hearing officers.  *Id.*; *see also Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *cf. Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (judicial immunity applies to actions under § 1983 to recover for alleged deprivation of civil rights).  Therefore, I recommend that the complaint against Defendants Theut and Robbins be dismissed.

### B. Defendant Burton

Plaintiff claims that Defendant Burton violated his due process rights by issuing a false misconduct report against Plaintiff. The Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Id.*; *Thomas v. Eby*, 481 F.3d 434, 439 (2007); *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The Court noted that "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad*, 540 U.S. at 754. Under Michigan law, a prisoner is

precluded from earning good-time or disciplinary credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33(5). The loss of good-time credits is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, a prisoner must exhaust available state remedies before bringing a federal habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1). Where a prisoner has received an unfavorable ruling after a rehearing, the prisoner may file an application for leave to appeal in the circuit court where the prisoner resides or in the Ingham County Circuit Court. *See* MICH. COMP. LAWS § 791.255(2). If the prisoner is not successful in state court, he may then seek to overturn the convictions by bringing a federal habeas corpus action. Although Plaintiff sought a rehearing of his conviction in the Hearings Division, he does not allege or show that he appealed his misconduct convictions to the state courts. Because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable under § 1983. Therefore, I recommend that the complaint against Defendant Burton be dismissed.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 5, 2008

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).